\* LENA LEAR, ADMX., v. C. H. & D. RY. Co.

1. LICENSE TO USE FOOTWAY ON RAILROAD TRACK.

Permission to construct or maintain a footway across railroad tracks, or the construction and maintenance of the same by the railway company, implies a license to foot passengers to cross the railway at that point. Their rights, therefore, are not to be determined by the same rule which would apply to mere trespassers.

2. INJURY TO CHILD—QUESTION FOR THE JURY.

Whether a child, not quite ten years old, walking upon a path used by the public over the tracks of a railroad company, on which were passing trains making considerable noise, while he was on an errand, could have avoided the injury by the use of his faculties is a question for the jury.

3. IMPROPERLY DIRECTING VERDICT.

The court improperly directed the jury to return a verdict for defendant in an action for damages against a railroad company for the wrongful death of a child where the undisputed facts do not show the negligence of the deceased and there is evidence tending to show negligence on the part of the company in failing to stop its train.

---

\* The judgment of the circuit court in this case was affirmed by the Supreme Court, unreported, 60 Ohio St., 602 [54 N. E. Rep., 1107].

*W. A. Hallanan*, for defendant in error, in Supreme Court, cited:

Negligence, degree of—Pleading and proof: Gaines v. Trans. & Ins. Co., 29 Ohio St., 419; Ralston v. Kohl, 30 Ohio St., 92; Lake Shore & M. S. Ry. v. Lavally, 36 Ohio St., 221.

License: Cleveland, C. C. & I. Ry. Co. v. Schneider, 45 Ohio St. 678 [17 N. E. Rep., 321]; Bellefontaine & I. Ry. v. Snyder, 18 Ohio St., 399; Harriman v. Railroad Co., 45 Ohio St., 11 [12 N. E. Rep., 451; 4 A. S. Rep., 507].

Proximate cause: Cincinnati, H. & D. Ry. v. Kassen, 49 Ohio St., 230 [31 N. E. Rep., 282; 16 L. R. A., 674]; Cleveland Ter. & Val. R. R. Co. v. Herman, 9 Circ. Dec., 222 (16 R. 487); L. S. & M. S. Ry. Co. v. Shade, Admr., 8 Circ. Dec., 316 (15 R. 424); Kerwhacker v. Railroad Co., 3 Ohio St., 172 [62 Am. Dec. 246].

Degree of care from minors: Rolling Mill Co. v. Corrigan, 46 Ohio St., 283 [20 N. E. Rep., 466; 15 A. S. Rep., 596].

Directing verdicts: Cincinnati St. Ry. Co. v. Snell, 64 Ohio St., 197 [43 N. E. Rep., 207; 32 L. R. A., 276]; Railway v. Murphy, 50 Ohio St., 135, 137 [33 N. E. Rep., 403].

The amended petition alleges that the defendant's railroad extends through a thickly inhabited section of the city of Dayton, a portion thereof extending from Washington street to Homestead avenue; that the portion of the railroad lying between said streets as aforesaid has been used by the public, including children, in general as a passageway for foot passengers from and between said streets, with defendant's knowledge, consent and acquiescence for some time previous to the injury complained of; that deceased, a child nine years of age, while walking along the railroad track, between the streets aforesaid, was negligently run over and killed.

SHEARER, J.

The judgment herein must be reversed for error in withdrawing the case from the jury and giving judgment for defendant.

There is evidence tending to show negligence on the part of the company in failing to stop the train; a conflict as to the distance within which it could have been stopped, etc.

There is also evidence on the question of the negligence of the decedent which should have been submitted to the jury, whether by the use of his faculties under all the circumstances he could have avoided the injury.

The decedent does not seem to have been a trespasser. Long use of the crossing and the permission to some one to construct and maintain a footway across the track or the construction and maintenance of the same by the company itself (which does not appear) implies a license to foot passengers to cross the track at that point. The right of the parties are, therefore, not to be determined by the same rule which would apply in case the deceased was a mere trespasser. Whether he was a trespasser was a question that should have been submitted to the jury.

The undisputed facts do not show negligence of the deceased contributing to the injury, and there is evidence tending to show negligence of the company.

Reversed and new trial granted.